UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME MARTILLA MARTIN,

       Plaintiff,

v.

N. CULBERSON, DONALD RICUMSTRICT,

       Defendants.
       _____/

Case No. 12-cv-13826

HONORABLE SEAN F. COX

**OPINION AND ORDER OF SUMMARY DISMISSAL**

The Court has before it Plaintiff Jerome Martilla Martin's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Parnell Correctional Facility, in Jackson, Michigan. Plaintiff has been granted permission to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a). The Court has reviewed the complaint as required by 28 U.S.C. §1915A and finds that this Court lacks subject matter jurisdiction. The complaint will therefore be dismissed.

I.

Plaintiff asserts that, on March 28, 2012, when he was incarcerated in the Saginaw Correctional Facility, Saginaw, Michigan, defendants N. Culberson and Donald Ricumstrict sent him a document entitled "Security Classification Screen" No. 4835-3481. Plaintiff characterizes this document as a "unilateral contract." Plaintiff asserts the security classification screen was an offer to have him stay in a Level II facility due to lack of bed space in Level I, even though Plaintiff was eligible to be transferred to a Level I facility as of October 13, 2011. Plaintiff then asserts that he accepted defendants' offer within three

days by sending an "acknowledgment of acceptance" through an institutional kite. In his "acceptance," Plaintiff informed the defendants that he would require a performance fee of $100 per day per contract party signature. Plaintiff was transferred to Parnall Correctional Facility on April 3, 2012. On April 9, 2012, Plaintiff sent defendants an invoice for $600 per contract party for his performance of the "contract."

Plaintiff has now filed a civil rights suit against the defendants. He claims that the defendants are liable under the Uniform Commercial Code. He asserts jurisdiction under Article III, § 2 of the United States Constitution, and under 28 U.S.C. §1343(3). He seeks contractual damages of $600, "direct-damages" of $33,000, compensatory damages of $33,000, and punitive damages of $33,000.

## II.

### A.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court must screen any complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A. The Court is required to dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is also required to dismiss any complaint by a prisoner seeking redress against government entities, officer, and employees which the Court finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

B.

Federal courts are courts of limited subject matter jurisdiction, which possess only the power authorized by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The court must presume that a case lies outside the federal court's jurisdiction, and a plaintiff bears the burden of proving otherwise. *Id.* A federal district court has the continuing obligation to ascertain that it has subject matter jurisdiction over a case. *In re Wolverine Radio Co.*, 920 F.2d 1132, 1137 (6th Cir. 1991). A district court may *sua sponte* dismiss an *in forma pauperis* complaint for lack of subject matter jurisdiction without notice to the plaintiff when the allegations of subject matter jurisdiction lack an arguable basis in law. *Cf. McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (under PLRA, courts have no discretion to permit a plaintiff to amend complaint to avoid *sua sponte* dismissal); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (when plaintiff pays filing fee, court may *sua sponte* dismiss only where jurisdictional allegations lack legal plausibility).

Plaintiff appears to assert subject matter jurisdiction based on federal question jurisdiction. Article III and federal statutes permits federal courts to exercise jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction. *Mims v. Arrow Financial Services, LLC,* __ U.S.__, 132 S. Ct. 740, 747 (2012) (quoting 28 U.S.C. § 1331). Federal question jurisdiction is

available for plaintiffs pleading causes of action created by federal law, such as 42 U.S.C. §1983, and for certain state-law claims that implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).

Plaintiff alleges that the defendants breached a contract governed by the Uniform Commercial Code. The Uniform Commercial Code is not a federal statute; it is merely a model statute that many states, including Michigan, have codified. In Michigan, the Uniform Commercial Code is codified at Chapter 440 of the Michigan Compiled Laws. See Mich. Comp. L. § 440.1101 *et seq.*; *cf. Neibarger v. Universal Cooperatives, Inc.*, 439 Mich. 512, 519 (1992) (discussing adoption of Uniform Commercial Code by Michigan legislature); *Reid v. Volkswagen of America, Inc.*, 512 F.2d 1294, 1296-98 (6th Cir. 1975) (discussing provisions of Michigan Uniform Commercial Code). Plaintiff's claim under the Uniform Commercial Code is not based upon federal law, nor does it implicate significant federal issues. It therefore does not "arise under" the laws of the United States.

Nor can Plaintiff plead federal jurisdiction by characterizing his breach of contract claim as a due process violation. "Litigants cannot create federal jurisdiction by filing an insubstantial action under the civil rights statutes." *Studen v. Beebe*, 588 F.2d 560, 566 (6th Cir. 1978). State-created contractual rights are redressed adequately by state breach of contract claims, and as such are "simply not a proper subject of federal protection under the doctrine of substantive due process." *Bowers v. City of Flint*, 325 F.3d 758, 764 (6th Cir. 2003); *see Charles v. Baesler,* 910 F.2d 1349, 1352 (6th Cir. 1990) (state breach of contract claim does not implicate federal due process rights).

III.

The Court lacks subject matter jurisdiction over the complaint.  Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED**.

Additionally, the Court certifies that an appeal from this order would be frivolous and cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 611.


Dated:  October 1, 2012                             s/ Sean F. Cox
                                                                U. S. District Court Judge


I hereby certify that on October 1, 2012, the foregoing document was served upon counsel of record by electronic means and upon Jerome Martilla Martin by First Class Mail at the address below:

Jerome Martin
197598
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201

Dated:  October 1, 2012                             s/ J. McCoy
                                                                Case Manager